Shauck, J.,
dissenting.
It is not doubted that some of the provisions of the act of April 2, 1890 (Ohio Law, vol. 87, p. 149), relate to the remedy in the cases contemplated, nor that the law of the forum determines all questions relating to the remedy. The only point of difference between the courts below and between counsel here, is whether the language of the act referred to does not exclude from its oper *22 ation cases in which, the cause of action arose upon a railroad lying wholly within another state. If its terms do not permit its application in such cases the court of common pleas did not err in its judgment, otherwise the judgment of reversal in the circuit court, should be affirmed.
The scope of the act is expressly defined in the first section: “That it shall be unlawful for any railroad or railway corporation or company owning and operating, or operating, or that may hereafter own or operate a ra/Ll/road in whole or in part in this state to adopt, etc.” The remaining provisions of the first section relate to the contractual relations of such companies and their employes.
The second section of the act creates a prima facie presumption, not according to the common law, in favor of the injured person. By the terms of the section it affects only “ such corporation, ” that is, a railroad corporation operating a “railroad in whole or in part in this state. ’ ’ The duty enjoined by the section, and the presumption raised do not concern railroad corporations generally, but, by express restriction, only those described in the first section.
The general purpose of the act is to afford citizens of the state the protection of its provisions. Some of its provisions would be void if an attempt were made to apply them to roads lying in other states, and that would be true even if the general assembly had attempted to make them so applicable.
To hold that these remedial provisions are applicable to a case of this character is to ignore the general purpose of the act and to deny effect to the language by which its operation is expressly restricted.
*23 Doubtless it would be the duty of the court to enforce the act with the limitations thus clearly indicated, even if the reasons for such limitation did not appear.- Those reasons, however, are apT parent. They are illustrated by the circumstances of this case. The general policy of the state has looked to the relief of suitors from the long and vexatious delays which all recognize. It would be quite remarkable if that policy had been interrupted by a statute creating a presumption in favor of plaintiffs not afforded elsewhere, and inviting the citizens of all the states to enter the courts of Ohio to secure its benefits, without any conditions except those which are imposed by the requirements of the code as to service of summons.
Whether attention be directed to the general purposes of the act, to the circumstances under which it was enacted or to its express provisions, it appeal's that the general assembly was concerned only for citizens of the state and that it lias taken care to avert consequences which this judgment of affirmance invites.
Burket, J., dissents and concurs in the foregoing.
Spear, J., did not sit in the case.